IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00831-REB-KLM

DELAREE ROSS, a/k/a Delise Ross,

      Plaintiff,

v.

DAVID GALLEGOS, Aurora P.O.,

      Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on the **Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** [#20] (the "Motion").  On August 26, 2013, Plaintiff filed a Response [#22].  On September 9, 2013, Defendant Gallegos filed a Reply [#23].

      Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1C., the Motion is referred to this Court [#21].  The Court has reviewed the Motion, the Response, the Reply, the case file, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Court **RECOMMENDS** that the Motion [#20] be **GRANTED**.

## I. Background

      Plaintiff, a resident of Denver, Colorado, attempts to assert[1] what appear to be three claims against Defendant Gallegos for damages stemming from "mental-emotional

---

[1] Plaintiff's Amended Complaint is handwritten and difficult to decipher.  Plaintiff does not use complete sentences or provide complete and coherent thoughts.  In light of this, the Court has done its best to understand and interpret Plaintiff's assertions.

distress," "pain-suffering," and "defamation of character." *Am. Compl.* [#12] at 3-5.

Plaintiff's first claim for relief is for "mental-emotional distress" arising from the alleged "falsif[ication of] numerous A.K.A.'s."[2] *Id.* at 3. The assertion appears to be that Defendant Gallegos engaged in deliberate misconduct during the proceedings of federal case number 11-cv-02957. *Id.* Plaintiff claims that she "was awarded damages for false arrest-imprisonment, mental-emotional distress [and for] having [her] reputation smeared." *Id.* However, a review of the docket[3] reveals that case number 11-cv-02957 was dismissed without prejudice, and that Plaintiff was not awarded any damages. *See Order of Dismissal* [#10], filed February 13, 2012, in 11-cv-02957.

The Amended Complaint's second claim for relief is for "pain-suffering." *Am. Compl.* [#12] at 4. Plaintiff asserts that she has experienced difficulties in obtaining permanent housing, including Section 8 housing. *Id.* She complains that she is made (presumably by Defendant Gallegos) to "look like America's Most Wanted." *Id.* As such, she asserts that

---

[2] Plaintiff does not state what "A.K.A." stands for, and does not provide an explanation or context from which the Court can discern its meaning. For purposes of this recommendation the Court will assume that Plaintiff is referring to instances when Defendant allegedly falsified or misrepresented her name. Therefore, the Court will construe A.K.A. as an abbreviation for "also known as."

[3] Normally, when considering a motion to dismiss, the Court must disregard facts supported by documents other than the complaint unless the Court first converts the motion to dismiss into a motion for summary judgment. *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). However, a Court may consider documents outside of the complaint on a motion to dismiss in three instances. First, the Court may consider outside documents pertinent to ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000). Second, the Court may consider outside documents subject to judicial notice, including court documents and matters of public record. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). Third, the Court may consider outside documents that are both central to the plaintiff's claims and to which the plaintiff refers in his complaint. *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). The 2011 lawsuit falls into the second category of documents and, therefore, may appropriately be considered by the Court in making its recommendation on the pending motion.

2

"defamation of character prevails." *Id.*

The third claim for relief is for "defamation of character." *Id.* at 5.  Plaintiff asserts that a "substituti[on of] numerous A.K.A.'s" was done "falsely-deliberately [and without] probable cause[] [i]n attempts to manipulate . . . ." *Id.*  Finally, Plaintiff "seek[s a ruling of] wrongful-conviction." *Id.*

Plaintiff's requested relief is for "punitive damages [and] monetary damages [in the amount of] $80,000 [so that an attorney can] clean [her] name of 63 A.K.A.'s." *Id.* at 6. Additionally, Plaintiff appears to be requesting "good housing" because, as she avers, she is homeless due to the allegedly falsified A.K.A.'s.  *Id.*

In addition to her handwritten allegations, Plaintiff has photocopied and attached fourteen pages of materials taken from law reviews, non-related cases, and other secondary materials. *Id.* at 7-20.  She attaches these documents to "assert [her] reasons," and presumably to help her state a claim and advance her cause.  *Id.*

## II.  Standard of Review

Rule 12(b)(6) tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ] [has] not nudged [his] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d

3

1188, 1190 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).  That said, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests;" the 12(b)(6) standard does not "require that the complaint include all facts necessary to carry the plaintiff's burden."  *Khalik*, 671 F.3d at 1192 .

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

The Court is mindful that it must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court is not a *pro se* litigant's advocate, nor shall the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct

a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.

1997) (citing *Hall*, 935 F.2d at 1110).  In addition, Plaintiff, as a *pro se* litigant, must follow

the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277

(10th Cir. 1994).

### III.  Analysis

Plaintiff's Amended Complaint appears to attempt to assert three claims for

damages stemming from various forms of distress, suffering, and defamation.  *Am. Compl.*

[#12] at 3-5.  Defendant's Motion asserts that Plaintiff's claims should fail because (1) they

are barred by the applicable statute of limitations, (2) Defendant is entitled to qualified

immunity, and (3) Plaintiff fails to state a cause of action.  *Motion* [#20] at 3-11.  Plaintiff's

Response avers that "[she has] stated [her] claims [and] factual reasons [and] evidence."

*Response* [#22] at 3.  Plaintiff goes on to claim that Defendant acted "[with] deliberate [and]

malicious intent," and "falsely created numerous A.K.A.'s."  *Id.* at 3-5.  The result of such

alleged actions was that Plaintiff suffered "arrests that [were] not true," and was denied

housing.  *Id.*  Plaintiff asserts that Defendant Gallegos is not entitled to qualified immunity

because she named him in prior lawsuits.  *Id.* at 4.  In conclusion, Plaintiff states that

Defendant "ruin[ed her] life," that her "due process rights were highly violated," and that

there was a violation of her "right[] to equal protection under the law from abuse of the

state." *Id.* at 6.  Defendant's Reply reiterates the arguments advanced in his Motion.  *Reply*

[#23] at 1-5.

### A.      Dismissal Pursuant to 12(b)(6)

Plaintiff's  Amended  Complaint  unquestionably  fails  to  meet  the  pleading

5

requirements of Rule 12(b)(6). The allegations are poorly conceived and conveyed, and are conclusory in nature. *Am. Compl.* [#12] at 3-6, 21-23. There are no specific factual assertions to support Plaintiff's claims, and plausibility is lacking. *Id.* Broad and vague assertions of "mental-emotional distress," "pain-suffering," and "defamation of character" do not constitute legally cognizable claims, and Plaintiff does not provide the Court with any elements, much less the proper ones, for a cause of action. *Id.* at 3-5; *Iqbal*, 556 U.S. at 677; *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2012). Dramatic assertions of a ruined life and of being labeled as "America's Most Wanted" do not serve as proper notice for a cognizable claim. *Id.* at 3-5; *Robbins*, 519 F.3d at 1248.

In addition to not referencing proper claims, Plaintiff's Amended Complaint does not plead specific facts that would allow the Court to determine that Defendant is directly responsible for any of the alleged actions. *See Iqbal*, 556 U.S. at 677. For instance, Plaintiff's claim for "pain-suffering" includes the allegation that she experienced "difficulties in obtaining permanent housing [with the] DHA." *Am. Compl.* [#12] at 4. However, the claim does not list specific actions that Defendant Gallegos took which might have resulted in Plaintiff's denial of housing. *Id.* Furthermore, Plaintiff references an "A.K.A." and asserts "defamation of character," but does not mention Defendant Gallegos or explain how his behavior may have caused Plaintiff's alleged damages. *Id.* Although Plaintiff's claim for "mental-emotional distress" does include a reference to Defendant Gallegos and asserts that his actions in a prior case included "deliberate misconduct," there are no specific facts that allow the Court to know what exactly Plaintiff is asserting. *Id.* at 3.

"To state a claim in federal court, a complaint must explain what each defendant did [to the plaintiff]; when the defendant did it; how the defendant's actions harmed [the

6

plaintiff], and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Because Plaintiff's allegations are naked and devoid of necessary factual enhancement (such as time, place, and even person), and lack legally cognizable claims, the Court concludes that Plaintiff fails to meet the standard set forth in Rule 12(b)(6). *Am. Compl.* [#12] at 3-6, 21-23; *Twombly*, 550 U.S. at 565 n.10. Therefore, the Court **recommends** that Plaintiff's claims be **dismissed without prejudice**. *Crump v. James Irwin Charter Sch.*, No. 12-cv-00008-PAB-KLM, 2012 WL 1247186, at *3-4 (D. Colo. Mar. 21, 2012) (allowing dismissal of claims pursuant to Rule 12(b)(6) without prejudice).

B. **Statute of Limitations**

Defendant's Motion also raises a statute of limitations defense, arguing that Plaintiff's claims should be dismissed with prejudice. *Motion* [#20] at 3-5; *see Montana v. Hargett*, No. 7-cv-00545-CMA-KLM, 2008 WL 4964717, at *6 (D. Colo. Nov. 17, 2008) (allowing dismissal of claims with prejudice that fail to meet the statute of limitations). Defendant states that "a review of all Aurora Police Department records shows that the last contact between [Defendant] Gallegos and Plaintiff occurred in 2002." *Id.* at 3. As such, Defendant asserts that the applicable two year statute of limitations period has long since run. *Id.* However, Defendant does not provide the police records, and offers no authority to support his contention that such documents may be considered by the Court when considering a motion to dismiss. *Jackson*, 952 F.2d at 1261 (explaining that the Court must disregard facts supported by documents other than the complaint unless the Court first converts the motion to dismiss into a motion for summary judgment). As discussed above,

7

Plaintiff's Amended Complaint does not adequately plead specific times or dates.[4] *Id.*

Therefore, the Court is not in a position to evaluate the statute of limitations defense, and

cannot recommend dismissal with prejudice.

### IV. Conclusion

Accordingly,

IT IS RESPECTFULLY **RECOMMENDED** that Defendant's Motion [#20] be

**GRANTED**, and that Plaintiff's Second Amended Complaint [#12] be **DISMISSED without**

**prejudice**.[5]

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have

fourteen (14) days after service of this Recommendation to serve and file any written

objections in order to obtain reconsideration by the District Judge to whom this case is

assigned. A party's failure to serve and file specific, written objections waives de novo

---

[4] Although Plaintiff references the year 2002 in her Response, (1) the reference is not in the Amended Complaint, and (2) the Court cannot decipher the context of the reference. *Response* [#22] at 3. Under these circumstances, the Court cannot be certain that the date relates to any of the claims in the Amended Complaint or is relevant to Defendant's statute of limitations defense.

[5] The dismissal of an action pursuant to Rule 12(b)(6) is a resolution on the merits and is ordinarily prejudicial. *Brierly v. Schoenfeld*, 781 F.2d 838 (10th Cir. 1986) (affirming a district court decision to dismiss with prejudice an action brought under 42 U.S.C. § 1983); *accord Okusami v. Psychiatric Inst. of Wash.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice"). However, due to heightened concerns when the plaintiff is proceeding *pro se*, dismissal with prejudice is only appropriate "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *see Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) ("[O]rdinarily the dismissal of a *pro se* claim under Rule 12(b)(6) should be without prejudice, and a careful judge will explain the pleading's deficiencies so that a prisoner with a meritorious claim can then submit an adequate complaint.") (citations omitted). Thus, the Court respectfully recommends dismissal without prejudice because, although Plaintiff's current Complaint is severely deficient, the Court cannot say that permitting the filing of an amended complaint would be futile. *Oxendine*, 241 F.3d at 1275.

review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 14, 2013                    BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge